IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ENRIQUE CARDONA §
§
    Petitioner, §
§
VS. §
§ NO. 3-08-CV-1340-K
NATHANIEL QUARTERMAN, Director §
Texas Department of Criminal Justice, §
Correctional Institutions Division §
§
    Respondent. §

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Enrique Cardona, a Texas prisoner, has filed an application to proceed *in forma pauperis* in this habeas case brought under 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

In 2003, petitioner pled guilty to aggravated assault. The trial court deferred an adjudication of guilt, made an affirmative finding that petitioner used or exhibited a deadly weapon during the commission of an offense involving family violence, and placed him on community supervision for a period of four years. While on supervision, petitioner was charged with a new offense. The state filed a motion to proceed with an adjudication of guilt, which was granted by the trial court following a hearing. The court found petitioner guilty of aggravated assault, revoked his community supervision, and sentenced him to 20 years confinement. His conviction and sentence were affirmed on direct appeal and upheld on state collateral review. *Cardona v. State*, No. 05-05-00068-CR, 2005 WL 2659947(Tex. App.--Dallas, Oct. 19, 2005); *Ex parte Cardona*, WR-63,393-02 (Tex. Crim.

App. Oct. 17, 2007). Petitioner then filed this action in federal district court. Process has been withheld pending a determination of his *in forma pauperis* status.

II.

The standards governing *in forma pauperis* motions are set forth in 28 U.S.C. § 1915(a). The district court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit . . . that [he] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The court must examine the financial condition of the applicant in order to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir.), *cert. denied*, 109 S.Ct. 364 (1988). The amount of money available to an inmate in his prison trust account or from other sources should be considered. *See id.*; *Braden v. Estelle*, 428 F.Supp. 595, 601 (S.D. Tex. 1977).

Petitioner has submitted a certified copy of his inmate trust account statement which shows that he has $85.17 on deposit with prison officials. The filing fee for a habeas petition is $5.00. 28 U.S.C. § 1914(a). The court concludes that petitioner is able to pay this fee without causing undue financial hardship. *See also* MISC. ORDER 13 at ¶ 9 (N.D. Tex. Feb. 1, 1977) (requiring habeas petitioner to pay filing fee if prison account and other resources exceed $50.00).

## RECOMMENDATION

The application to proceed *in forma pauperis* [Doc. #8] should be denied. Petitioner should be ordered to pay the statutory filing fee within 20 days after this recommendation is adopted by the district judge. If he fails to do so, this case should be dismissed without further notice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file

written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 8, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE