IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ENRIQUE CARDONA §
 §
 Petitioner, §
 §
VS. §
 § NO. 3-08-CV-1340-K
NATHANIEL QUARTERMAN, Director §
Texas Department of Criminal Justice, §
Correctional Institutions Division §
 §
 Respondent. §

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Enrique Cardona, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

In 2003, petitioner pled guilty to aggravated assault. The trial court deferred an adjudication of guilt, made an affirmative finding that petitioner used or exhibited a deadly weapon during the commission of an offense involving family violence, and placed him on community supervision for a period of four years. While on supervision, petitioner was charged with a new offense. The state filed a motion to proceed with an adjudication of guilt, which was granted by the trial court following a hearing on December 10, 2004. The court found petitioner guilty of aggravated assault, revoked his community supervision, and sentenced him to 20 years confinement. His conviction and sentence were affirmed on direct appeal. *Cardona v. State*, No. 05-05-00068-CR, 2005 WL 2659947 (Tex. App.--Dallas, Oct. 19, 2005, no pet.). Petitioner also filed two applications for state post-

conviction relief. The first application was dismissed because a direct appeal was pending. *Ex parte Cardona*, WR-63,393-01 (Tex. Crim. App. Jan. 18, 2006). The second application was denied without written order. *Ex parte Cardona*, WR-63,393-02 (Tex. Crim. App. Oct. 17, 2007). Petitioner then filed this action in federal district court.

II.

In four grounds for relief, petitioner contends that: (1) his guilty plea was involuntary; (2) he received ineffective assistance of counsel; (3) the judgment of conviction is void; and (4) he was denied the right to appeal.

Respondent has filed a preliminary response suggesting that this case is barred by the AEDPA statute of limitations. Petitioner addressed the limitations issue in a reply filed on October 22, 2008. The court now determines that the habeas petition is time-barred and should be dismissed.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

See 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

On June 18, 2003, petitioner pled guilty to aggravated assault and was placed on deferred adjudication probation. No appeal was taken at that time. More than 17 months later, on December 10, 2004, the trial court revoked petitioner's probation, found him guilty of the underlying offense, and sentenced him to 20 years confinement. His conviction was affirmed by the state appeals court on October 19, 2005. Petitioner sought and obtained an extension of time to file a petition for discretionary review ("PDR") until January 17, 2006, but no PDR was filed.[1] Therefore, petitioner's conviction became final, at the latest, on January 17, 2006, the date his PDR was due. *See Gant v. Cockrell*, No. 3-02-CV-2418-G, 2003 WL 21448770 at *2 (N.D. Tex. Mar. 25, 2003) (citing cases), *COA denied*, No. 03-10533 (5th Cir. Oct. 21, 2003) (where petitioner seeks and obtains an extension of time to file a PDR, conviction becomes final for limitations purposes on date PDR is due). Petitioner filed two applications for state post-conviction relief. The first application was filed on July 13, 2005 and dismissed on January 18, 2006. The second application was filed on September 5, 2006 and denied on October 17, 2007. Petitioner filed this action in federal court on July 29, 2008.

---

[1] A second motion for extension of time to file a PDR was denied by the Texas Court of Criminal Appeals on January 31, 2006.

The AEDPA statute of limitations started to run on January 17, 2006, when petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). This period was tolled for 408 days while petitioner's second application for state post-conviction relief was pending.[2] Even allowing for this tolling period, petitioner waited more than 17 months to seek habeas relief in federal court. In an attempt to excuse this delay, petitioner argues that his federal writ is timely because federal holidays and weekends "do not count towards the statute of limitations." (*See* Pet. Reply at 2). Petitioner is mistaken. Although the federal rules exclude "Saturdays, Sundays, and legal holidays" from the computation of certain deadlines, *see* Fed. R. Civ. P. 6(a)(2), the rule applies only "when the period is less than 11 days." *Id.* Because the AEDPA limitations period is one year, "Rule 6(a) does not permit the exclusion of weekends or holidays from its calculation." *Brooks v. Olivarez*, No. C 98-134 MJJ(PR), 1998 WL 474160 at *2 (N.D. Cal. Aug. 5, 1998).

## RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[2] Petitioner is not entitled to statutory tolling during the time his first state writ was pending. *See Gundrum v. Quarterman*, 191 Fed.Appx. 313, 314, 2006 WL 2051053 at *1 (5th Cir. Jul. 24, 2006) (citing cases) (state habeas petition filed during pendency of direct appeal is not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) and, therefore, does not toll the AEDPA statute of limitations).

DATED: November 5, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE